Filed 10/19/15  P. v. Woods CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>ANTHONY KEVIN WOODS II,<br><br>    Defendant and Appellant. | C078777<br><br>(Super. Ct. Nos. CRF132725,<br>        CRF132969) |

Around 12:35 a.m. on October 22, 2013, defendant Anthony Kevin Woods II repeatedly punched his girlfriend in the head during an argument and then fled the house. Defendant returned around 11:30 a.m., argued with his girlfriend, hit her again, and then held a knife to her throat until her mother asked defendant to stop. Defendant and his girlfriend were living together with their infant son at the time. Defendant explained his behavior to an officer by stating that he was high on heroin and his girlfriend had been high on methamphetamine.

Defendant pled no contest to corporal injury resulting in a traumatic condition upon a cohabitant and assault with a deadly weapon with a stipulation that he would be

1

placed on probation. The trial court placed defendant on three years' probation in accordance with the plea agreement.

Defendant subsequently admitted violating his probation by being convicted in Butte County of battery against the parent of his child. The trial court sentenced defendant to a stipulated two-year state prison term, imposed various fines and fees, and awarded 200 days of presentence credit (100 actual and 100 conduct).

Defendant appeals. He did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/s/_____
Robie, J.

We concur:


/s/_____
Blease, Acting P. J.


/s/_____
Nicholson, J.

2